UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINE MORRIS,

     Plaintiff,

v.                                                   CASE No. 8:11-CV-198-T-TGW

MICHAEL ASTRUE,
Commissioner of Social Security,

     Defendant.

---

O R D E R

     The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits.[1]   Because the findings in the decision of the Commissioner of Social Security contain significant inconsistencies, the decision will be reversed and the matter remanded for further proceedings.

I.

     The plaintiff, who was forty-six years old at the time of the administrative hearing and who has the equivalent of a high school

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

education, has worked as a bartender, kitchen helper, waitress, and salesperson (Tr. 39-41, 135). She filed a claim for Social Security disability benefits, alleging that she became disabled due to back problems, a herniated disk in her neck, abdominal pain, anxiety attacks, depression, osteoarthritis, and anemia (Tr. 134). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of "degenerative disk disease of the cervical and lumbar spine, irritable bowel syndrome, major depression, and generalized anxiety" (Tr. 28). He concluded that, with these impairments, the plaintiff can perform a wide range of light work in view of the following residual functional capacity: "The claimant is able to occasionally lift or carry 20 pounds. and frequently lift or carry 10 pounds. The claimant is able to sit and stand six hours total in an eight hour workday" (Tr. 31). The law judge made a finding that "[t]he claimant is unable to perform any past relevant work" (Tr. 34). He also stated that the plaintiff could perform her past employment as a bartender, waitress, and salesperson (Tr. 35). He said

- 2 -

that, in the alternative, the medical-vocational guidelines indicated that there was other work in the national economy that the plaintiff could perform. The law judge therefore ruled that the plaintiff was not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). In this case, also, the plaintiff must show that she became disabled before her insured status expired on March 31, 2010, in order to receive disability benefits. 42 U.S.C. 423(c)(1);

-3-

Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are

- 4 -

supported by substantial evidence.   Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.   However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met.   Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

A reading of the law judge's decision reveals three significant inconsistencies in his findings.   Thus, the law judge found (1) that the plaintiff was "unable to perform any past relevant work," but also said she could return to past work as a bartender, waitress, and salesperson; (2) that the plaintiff "is able to sit and stand six hours total in an eight hour workday," but that she could perform a wide range of light work; and (3) that the plaintiff had severe impairments of major depression and

generalized anxiety resulting in a moderate limitation of concentration, persistence or pace, but did not include any mental functional limitations in the plaintiff's residual functional capacity.   The plaintiff, it is recognized, did not directly challenge any of these errors.   Nevertheless, the plaintiff's challenge to the law judge's handling of the opinions of a treating physician brings the inconsistency regarding an ability to sit and stand for a total of six hours under consideration.   And upon that consideration, reversible error is seen.   Furthermore, upon remand, the other inconsistencies need to be corrected.

The plaintiff contends that the law judge improperly evaluated the opinions of the plaintiff's treating physician, Dr. Thomas Sweeney. In a Spinal Impairment Questionnaire form dated January 28, 2009, Dr. Sweeney opined that the plaintiff could only sit for four hours in an eight-hour workday, stand or walk for two hours in an eight-hour workday, lift or carry ten pounds frequently, and lift or carry twenty pounds occasionally (Tr. 349-55).   He also believed that the plaintiff's symptoms would frequently interfere with her attention and concentration, and she would need to take an unscheduled break to rest once a week (Tr. 353-54).

- 6 -

Opinions from treating physicians should be given substantial or considerable weight unless there is good cause for not doing so. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

With respect to the opinions from Dr. Sweeney, the law judge stated (Tr. 33):

> The undersigned Administrative Law Judge has considered this assessment and accords it appropriate weight. The undersigned notes that this assessment is generally in agreement with the residual functional capacity above for a wide range of light exertional work. However, the generous sit, stand and walk limitations as described by Dr. Sweeney are not consistent with the medical evidence of record as a whole.

The plaintiff argues that the law judge did not identify the portions of Dr. Sweeney's opinion that were rejected or properly explain his reasons for doing so (Doc. 17, p. 15). "The [administrative law judge] must clearly articulate the reasons for giving less weight to the opinion of a

treating physician, and the failure to do so is reversible error." <u>Lewis</u> v. <u>Callahan</u>, <u>supra</u>.

In this case, the law judge stated that he discounted Dr. Sweeney's sit, stand, and walk limitations. However, the law judge's finding in the determination of the plaintiff's residual functional capacity was that "[t]he claimant is able to sit and stand six hours <u>total</u> in an eight hour workday" (Tr. 31)(emphasis added).   Importantly, he did not say "each"; he said "total."   While he may have meant to say "each," I am not prepared to reject the plaintiff's challenge on the basis of such speculation.

Therefore, taking the law judge at his word that the plaintiff "is able to sit and stand six hours total in an eight hour workday," this limitation is similar to Dr. Sweeney's opinion that the plaintiff was limited to four hours of sitting and two hours of standing or walking in an eight-hour day. Wholly aside from the fact that the law judge's finding renders inadequate the residual functional capacity determination, it also makes the law judge's assessment of Dr. Sweeney's opinions unacceptably confusing.   Thus, the plaintiff's challenge to that assessment warrants reversal.   <u>See</u> <u>Watkins</u> v.

<u>Commissioner of Social Security</u>, 2012 WL 399995 (11th Cir. 2012)(unpub. dec.).

On remand, there are other serious flaws in the law judge's decision that need to be remedied. For one thing, the law judge found that the plaintiff had severe impairments of major depression and generalized anxiety. This means that those impairments significantly limit the plaintiff's mental ability to do basic work activities. 20 C.F.R. 404.1520(c). That significant limitation would seemingly be reflected in the law judge's finding that the plaintiff had a moderate limitation in concentration, persistence, or pace. The law judge's residual functional capacity finding, however, had no mental limitation. In light of the law judge's finding that the plaintiff's major depression and generalized anxiety were severe impairments, the failure to include a mental limitation in the residual functional capacity was plainly erroneous.

In addition, the law judge made a specific numbered finding that "[t]he claimant is unable to perform any past relevant work" (Tr. 34). Under that heading, however, the law judge found "that the claimant can perform her past relevant work as a bartender, waitress and salesperson" (Tr.

35).   The Commissioner is probably correct that the latter statement is what

the law judge meant.   However, I should not have to decide which of two

critical, but inconsistent, findings the law judge had in mind.   On remand,

this issue should be clarified.[2]

Finally, it is appropriate to add that the patent inconsistencies

raise a question of the care with which the plaintiff's claim was evaluated.

The plaintiff is entitled to a decision that is reasonable and not muddled.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby REVERSED,

and the matter is REMANDED for further proceedings. The Clerk shall

enter judgment accordingly and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this /3ᵗʰ day of

February, 2012.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[2] The plaintiff, proceeding upon the finding that the plaintiff was unable to
return to prior work, demonstrates that the law judge could not rely upon the
medical-vocational guidelines (Doc. 17, pp. 22-23).   While any reliance upon the
guidelines would be an additional error, that error would be harmless if the plaintiff
could return to past work.

- 10 -